# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE KEVIN HOUSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01318-AWI-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 28)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Royce Kevin Houston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss. Defendant contends that he is entitled to dismissal on the ground that Plaintiff was not entitled to proceed in forma pauperis in this action. Defendant alleges that Plaintiff has three prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim, and was therefore disqualified from being granted in forma pauperis status pursuant to 28 U.S.C. § 1915(g).

This action is proceeding on Plaintiff's Second Amended Complaint filed on November 13, 2008. (Doc. #15.) Plaintiff alleges that Defendant Rosenthal interfered with Plaintiff's access to the courts by failing to return a motion that Plaintiff had given to him to make photocopies. As a result, Plaintiff missed a deadline for challenging the denial of his petition for habeas corpus. Defendant filed his motion to dismiss on July 27, 2009. (Doc. #28.) Plaintiff filed an opposition on August 20, 2009. (Doc. #29.) Defendant filed a reply to Plaintiff's opposition on August 26, 2009. (Doc. #30.) Plaintiff filed a "Brief in Opposition of Brief in Support" on September 4, 2009. (Doc. #31.)

I.  **Motion to Dismiss**

Plaintiff alleges that Defendant Rosenthal interfered with Plaintiff's constitutional right of access to the courts. Plaintiff was incarcerated at California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff alleged that he wished to file a motion pursuant to Federal Rule of Civil Procedure 60 challenging the denial of his petition for habeas corpus. Plaintiff alleged that he submitted his Rule 60 motion to Defendant Rosenthal for photocopying. Plaintiff was transferred to New Delano State Prison ten days later. Plaintiff's motion was not returned to him during the transfer, and his transfer was eventually denied and Plaintiff was returned to CSP-Corcoran the same day. Plaintiff's Rule 60 motion was never returned and Plaintiff filed inmate appeals and requests for interviews seeking the return of his motion. Plaintiff did not receive any responses and the deadline for filing his motion passed.

A.  **Defendant's Motion to Dismiss**

Defendant filed his motion to dismiss on July 27, 2009. Defendant argues that he is entitled to dismissal because Plaintiff should not have been granted in forma pauperis[1] ("IFP") status in this action because he had three prior actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. (Notice of Mot. and Mot. to Dismiss; Mem. of P. & A. 1:21-25.) The Court granted Plaintiff's application to proceed IFP in this action on October 11, 2006. (Doc. #9.) Defendant argues that Plaintiff should not have been granted IFP status because he was disqualified under 28 U.S.C. § 1915(g). (Mot. to Dismiss 3:12-14.) Section 1915(g), commonly known as the "three strikes" provision, provides that IFP status shall not be granted to a prisoner who on three or more occasions brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim.

Defendant identifies three prior actions brought by Plaintiff that count as "strikes" under § 1915(g). Defendants allege that (1) <u>Royce Houston v. Derron Scott, et al.</u>, USDC, C.D. Cal. CV-05-00193-UA-AN was dismissed on January 31, 2005 after Plaintiff's IFP application was denied because the Court determined that Plaintiff's claims were barred by the statute of limitations and also

---

[1] In forma pauperis status permits an indigent litigant to commence a lawsuit without prepayment of fees.

2

barred by the favorable termination rule of Heck v. Humphrey,512 U.S. 477 (1994). (Mot. to Dismiss 5:5-8.) Defendants allege that (2) Royce Houston v. City of Los Angeles, et al., USDC, C.D. Cal CV-02-01649-UA-AN was dismissed on March 17, 2003 after Plaintiff's IFP application was denied because his claims were barred by Heck's favorable termination rule. (Mot. to Dismiss 5:9-11.) Finaly, Defendants allege that (3) Royce Kevin Houston v. Leroy Baca, et al, USDC, C.D. Cal. CV-99-07527-GAF-AN was dismissed on October 28, 2003 for failure to state any claims. (Mot. to Dismiss 5:12-13.)

Defendant contends that because the three actions above count as strikes under section 1915(g), Plaintiff should not have been granted IFP status. (Mot. to Dismiss 5:15.) Defendant further argues that Plaintiff's IFP status should not only be revoked, but that this action should be dismissed. (Mot. to Dismiss 5:26-6:20.) Defendant argues that three-strikers are barred from bringing an action IFP and that Plaintiff cannot simply pay the filing fee after being denied IFP status. (Mot. to Dismiss 5:26-6:17.) Defendant further argues that Plaintiff should not be allowed to reap the early benefits of filing IFP, such as the benefit of having U.S. Marshals serve Defendant with the complaint and the benefit of avoiding the cost of paying the filing fee up front. (Mot. to Dismiss 6:17-20.) Finally, Defendant argues that Plaintiff's complaint does not fall under the exception to the three strikes rule, which allows a prisoner to proceed IFP if he/she is under imminent danger of serious physical injury.

### B.     **Plaintiff's Opposition**

In opposition, Plaintiff claims that the cases cited by Defendant do not count as "strikes" under section 1915(g). Plaintiff argues that Royce Kevin Houston v. Leroy Baca, et al., USDC C.D. Cal. CV-99-07527-GAF-AN does not count as a "strike." (Notice of Mot. and Mot. in Opp'n to Dismiss Compl. 3:14-4:8.) Plaintiff alleges that he filed a civil suit against sheriff Leroy Baca for interfering with his access to the courts. (Opp'n 3:14-21.) Plaintiff claims that the magistrate judge "supplied defendants with Heck v. Humphrey doctrine but continued to fail to dismiss under 28 USC § 1915(e)(2)(B)(I) because Heck was not applicable." (Opp'n 3:22-26.) Plaintiff further alleges that his "grasp on law was tenuous and therefore request[ed] a voluntary dismissal of the civil action." (Opp'n 4:1-3.)

3

1  Plaintiff argues that Royce Houston v. City of Los Angeles, et al., USDC C.D. Cal CV-02-
2  01649-UA-AN also does not count as a "strike." (Opp'n 4:9-28.) Plaintiff argues that he filed suit
3  for false arrest and malicious prosecution. (Opp'n 4:19-22.) Plaintiff claims that the magistrate
4  judge screened out Plaintiff's suit because it was barred by Heck. (Opp'n 4:23-25.) Plaintiff alleges
5  that "[a]ll arguments and requests for judicial notice of criminal court records (which petitioner
6  could not provide) were ignored." (Opp'n 4:25-28.)

7  Finally, Plaintiff argues that Royce Houston v. Derron Scott, et al., USDC C.D. Cal. CV-05-
8  00193-UA-AN does not count as a strike. (Opp'n 5:1-27.) Plaintiff alleges that the case was the
9  same as City of Los Angeles, but this time "Plaintiff was able to supply the court with prerequisite
10 documentation supporting acquittal of charges." (Opp'n 5:1-8.) Plaintiff's case was nonetheless
11 dismissed again as being barred by Heck, as well as being time barred "in addition to a slew of other
12 bars." (Opp'n 5:9-13.) Plaintiff appealed the dismissal and the Ninth Circuit accepted Plaintiff's
13 evidence showing that he was found not guilty and held that Plaintiff only had to overcome the
14 statute of limitations defense upon paying the filing fee. (Opp'n 5:17-23.) Plaintiff was unable to
15 pay the filing fee and his appeal was dismissed. (Opp'n 5:24-27.)

16 **C.    Defendant's Reply to Plaintiff's Opposition**

17 In their reply, Defendant continues to argue that the three cases cited in the motion to dismiss
18 count as strikes. Defendant alleges that in Baca, the defendants moved to dismiss for failure to state
19 a claim and the court granted the motion, contrary to Plaintiff's contention that the case was
20 dismissed pursuant to voluntary dismissal. (Reply Brief in Supp. of Mot. to Dismiss 2:7-11.)
21 Defendant alleges that City of Los Angeles still counts as a "strike" despite Plaintiff's arguments that
22 the court erroneously dismissed the action and created a disability to Plaintiff. (Reply 2:12-16.)

23 **II.   Discussion**

24 Defendant argues that Plaintiff is not entitled to proceed IFP because he has filed three
25 previous lawsuits that were frivolous, malicious, or failed to state a claim. Section 1915(g) states:

26 > In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
27 > on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
28 > that was dismissed on the grounds that it is frivolous, malicious, or

4

> fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendant bears the burden of proving the existence or nonexistence of three strikes under 28 U.S.C. § 1915(g). Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005). "Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. "[D]efendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.'" Id. "[T]he burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id.

The first case presented by Defendant as a strike is Royce Houston v. Derron Scott, et al., USDC, C.D. Cal. CV-05-00193-UA-AN. Defendant provides a printout of the docket sheet from Derron Scott, as well as a copy of the order denying Plaintiff's motion to proceed in forma pauperis. (Def.'s Req. for Judicial Notice in Supp. of Mot. to Dismiss, Ex. B-1, B-2.) The docket shows that Plaintiff's motion to proceed in forma pauperis was denied on January 31, 2005. Plaintiff appealed the denial to the Ninth Circuit on April 5, 2005. The Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis on appeal on July 18, 2005. Plaintiff was ordered to pay the filing fee within 21 days. On August 31, 2005, Plaintiff's appeal was dismissed. The copy of the order denying Plaintiff's motion to proceed in forma pauperis (at the district court level) indicates that Plaintiff's claims are time-barred and are barred by Heck.[2]

The Court notes that the Ninth Circuit has not yet decided whether a suit dismissed pursuant to Heck v. Humphrey counts as a strike under section 1915(g). See Andrews v. Cervantes, 493 F.3d 1047, 1052 n.2 (9th Cir. 2007). Defendant presumes that lawsuits that were dismissed as Heck

---

[2] The denial of a plaintiff's motion to proceed IFP counts as a strike under section 1915(g) so long as the motion was denied because the action was frivolous, malicious, or failed to state a claim. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

5

barred count as strikes without presenting any formal argument supporting such a proposition. However, the Court accepts the proposition that a claim dismissed because of the plaintiff's failure to demonstrate favorable termination as required by Heck counts as a "strike." Plaintiff's claims were either premature because he had not yet achieved favorable termination, or Plaintiff's claims were non-cognizable because Plaintiff failed to establish the required predicates for stating a claim. In either case, Plaintiff failed to state a claim.

The burden thus shifts to Plaintiff to demonstrate that Derron Scott should not count as a strike. Plaintiff alleges that he appealed the district court's dismissal of the action and that the Ninth Circuit "accepted the documentary evidence" that demonstrated that the action was not barred by Heck, and Plaintiff was told that he only had to overcome the statute of limitations claim and pay the filing fee. The appeal was dismissed due to Plaintiff's inability to pay the filing fee.

It is reasonable to assume that a dismissal that is reversed on appeal should not count as a strike for purposes of section 1915(g). The Court is less inclined to accept that a dismissal that should have been reversed on appeal, but was not, should not count as a strike for purposes of section 1915(g). Even if that were the case, Plaintiff's declarations, unsupported by any corroborating documentary evidence, are not sufficient to bear his burden of demonstrating that Derron Scott should not count as a strike. Plaintiff has provided no documentary support for his unusual allegation that the Ninth Circuit told Plaintiff that he only had to overcome the statute of limitations and pay the filing fee, despite the fact that Plaintiff's appeal was dismissed because of his inability to pay the filing fee for the appeal. It is unclear why the Ninth Circuit would address the merits of Plaintiff's appeal despite Plaintiff's inability to pay the requisite filing fees. The Court finds that Plaintiff accrued one strike as a result of the dismissal of Derron Scott.

The second case presented by Defendant as a strike is Royce Houston v. City of Los Angeles, et al., USDC, C.D. Cal CV-02-01649-UA-AN. Defendant provides a printout of the docket sheet from City of Los Angeles as well as the district court's order denying Plaintiff's application to proceed IFP. (Def.'s Req. for Judicial Notice, Ex. C-1, C-2.) The docket shows that Plaintiff's application to proceed IFP was denied on March 17, 2003. Plaintiff appealed on March 15, 2004. Plaintiff's appeal was dismissed on September 7, 2004. The order denying Plaintiff's IFP

6

application shows that Plaintiff's application was denied because his claims were barred by Heck. Again, Plaintiff argues that this case should not count as a strike because the district court's dismissal was erroneous because Plaintiff's requests for the court to take judicial notice of his criminal court records were ignored. The Court finds that Plaintiff has failed to present persuasive evidence or argument rebutting Defendant's demonstration that City of Los Angeles should count as a strike. The Court finds that Plaintiff accrued a second strike as a result of the dismissal of City of Los Angeles.

The third case presented by Defendant as a strike is Royce Kevin Houston v. Leroy Baca, et al, USDC, C.D. Cal. CV-99-07527-GAF-AN. Defendant provides a copy of the Magistrate Judge's report and recommendations recommending that the action be dismissed without leave to amend due to his law library access claim being Heck-barred and because he failed to state any cognizable claims for interference with his right of access to the courts or under the Eighth Amendment. (Def.'s Req. for Judicial Notice, Ex. D-1.) Defendant also provides a copy of the District Judge's order adopting the Magistrate Judge's report and recommendations (Def.'s Req. for Judicial Notice, Ex. D-2) and a copy of the order directing judgment to be entered against Plaintiff for failure to state a cause of action (Def.'s Req. for Judicial Notice, Ex. D-3). Plaintiff's argument in opposition is that the Magistrate Judge "continued to fail to dismiss under 28 USC § 1915(e)(2)(B)(I), because Heck was not applicable. Over [the] course of four years petitioner['s] habeas corpus came before [the] same court." Plaintiff's claim that Heck was not applicable to this case runs contrary to the documentary evidence provided by Defendant showing that Heck was applicable. Plaintiff fails to provide any persuasive evidence rebutting the evidence in Defendant's favor. Plaintiff further claims that he requested a voluntary dismissal of the civil action, and thus the lawsuit was not dismissed due to Plaintiff's failure to state a claim. The District Judge's order clearly states that the defendant's motions to dismiss for failure to state a claim were granted and judgment was entered against Plaintiff. The order entering judgment against Plaintiff also clearly states that his complaint and the action was dismissed for failing to state a cause of action. Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendant.

///

Having determined that Plaintiff was not entitled to proceed IFP because he had accrued three prior "strikes," the Court next addresses whether it is appropriate to dismiss the action or whether the Court should merely give Plaintiff the opportunity to pay the remaining balance of the filing fee. Defendant argues that a prisoner with "three strikes" is prohibited from "bringing" a civil action without paying the full filing fee at the time he initiates suit. Defendants cites Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1997), to support his proposition that dismissal is the appropriate course of action for prisoners whose "three strikes" are discovered on a motion to dismiss. In Tierney, the district court dismissed the plaintiff's action pursuant to section 1915(g), without prejudice to the plaintiff re-filing the complaint upon payment of the filing fee. However, to state that "the [Ninth Circuit] recognized the propriety of dismissing an action brought by a three-striker after revocation of his IFP status" (Mot. to Dismiss 5:28-6:1) would be misleading as the issue addressed on appeal was whether the plaintiff's prior lawsuit counted as strikes, not whether dismissal was the proper course of action. Further, it is unclear whether the action in Tierney had proceeded as far as this case, or whether the dismissal occurred upon the screening of the complaint, and before the defendants had been served and had filed a responsive pleading. Thus, the Court does not interpret Tierney as holding that the Court must dismiss without prejudice after revoking a plaintiff's IFP status.

Defendant cites cases from other circuits that have held that prisoners cannot simply pay the filing fee after their IFP status is revoked. In Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit directly addressed the issue of whether the prisoner should be given an opportunity to pay the full filing fee before dismissal. The Court held that the proper procedure is for the district court to dismiss the complaint without prejudice when an IFP application is denied, and that "[t]he prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id. at 1236. The Fifth Circuit dismissed a prisoner's appeals after determining that he had three or more strikes. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The other cases cited by Defendant in support of his argument that dismissal is appropriate actually support the argument that Plaintiff should be given 30 days to pay the full amount of the filing fee before his case is dismissed. The Tenth Circuit gave the plaintiff the opportunity to pay the full filing fee within 30 days after the

8

1  plaintiff's IFP status was denied. Dubuc v. Johnson, 314 F.3d 1205, 1207 (10th Cir. 2003). The

2  Sixth Circuit also gave Plaintiff 30 days to pay the filing fee.[3] In re Alea, 286 F.3d 378, 379 (6th Cir.

3  2002).

4      Defendant also argues that it would be inappropriate to allow Plaintiff to "reap the early

5  benefits" of IFP status, such as the benefit of having the U.S. Marshal serve defendants with the

6  complaint, as well as the benefit of avoiding paying the filing fees up front. On the other hand,

7  dismissal of this suit would cause delay and inconvenience in a case that was initially filed on

8  September 5, 2006 and screened by the Court numerous times. Further, the Court notes that it is

9  unclear whether the statute of limitations for Plaintiff's claims would be equitably tolled during the

10  pendency of this action. It would be unduly harsh for Plaintiff's claims to be effectively dismissed

11  with prejudice due to his inability to re-file within the limitations period. As such, the Court finds

12  that the revocation of Plaintiff's IFP status does not entitle Plaintiff's to dismissal of this action, and

13  recommends that Plaintiff be given 30 days to pay the remaining balance of the filing fee for this

14  action.

### III. Conclusion and Recommendations

16      The Court finds that Plaintiff has on at least three prior occasions filed lawsuits that were

17  dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. As such,

18  Plaintiff is not entitled to proceed in forma pauperis under § 1915(g) in this action and should be

19  required to pay the remaining balance on his filing fee in full before this action proceeds any further.

20  However, the Court rejects Defendant's argument that he is entitled to dismissal based on the

21  revocation of Plaintiff's in forma pauperis status.[4]

22      Accordingly, IT IS HEREBY RECOMMENDED that:

23      1.    Plaintiff's in forma pauperis status in this action be revoked;

---

[3] The remaining case cited by Defendants bear no relevance to the issue of whether dismissal is appropriate. In Ciarpaglini v. Saini, 352 F.3d 328 (7th Cir. 2003), the 7th Circuit affirmed the district court's dismissal of the case based on the plaintiff's failure to state a cognizable claim for an Eighth Amendment violation, not because his IFP status was revoked.

[4] However, the Court advises Plaintiff that failure to pay the remaining balance of the filing fee within 30 days will result in the dismissal of this action.

9

2. Plaintiff be required to pay the remaining balance of the $350.00 filing fee for this action in full within thirty days; and

3. Defendant's motion to dismiss be DENIED.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, Plaintiff may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objection to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **October 22, 2009**              /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE