# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE KEVIN HOUSTON, | CASE NO. 1:06-cv-01318-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 36, 42) |
| ARNOLD SCHWARZENEGGER, et al., | and |
| Defendants. | ORDER REQUIRING PLAINTIFF TO PAY FILING FEE |

Plaintiff Royce Kevin Houston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two motions from Plaintiff.

On November 18, 2009, Plaintiff filed a "Motion in Support of Motion for Subpoena." (Doc. #36.) Plaintiff requests the Court to order Defendants to produce documents related to a lawsuit Plaintiff filed in 1998. Plaintiff has provided no explanation as to why Defendants would have custody of documents relating to Plaintiff's litigation history, other than Plaintiff's vague allegation that Defendants have "constructive access" to the documents. Further, discovery has not yet begun in this case. Therefore, Plaintiff's request for the production of these documents will be denied.

On February 25, 2010, Plaintiff filed a motion requesting relief from the Court's February 9, 2010 order revoking Plaintiff's in forma pauperis status. (Doc. #42.) Plaintiff contends that relief is proper under Federal Rule of Civil Procedure 60(b)(5). Rule 60(b)(5) states that a party may receive relief from a final judgment, order, or proceeding when "the judgment has been satisfied,

1

1 released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or
2 applying it prospectively is no longer equitable." Federal Rule of Civil Procedure 60(b)(5).

3       As an initial matter, Rule 60 does not provide the type of relief that Plaintiff seeks because
4 the Court's February 9, 2010 order revoking Plaintiff's in forma pauperis status was not a "final
5 judgment." The proper avenue for relief would be under Local Rule 230(j), which governs
6 reconsideration of a ruling on a motion. Under Rule 230, Plaintiff must demonstrate why
7 reconsideration is proper by establishing "what new or different facts or circumstances are claimed
8 to exist which did not exist or were not shown upon such prior motion, or what other grounds exist
9 for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."
10 Local Rule 230(j)(3)-(4). The arguments raised in Plaintiff's motion for reconsideration are the same
11 arguments Plaintiff raised in opposition to Defendants' motion to revoke Plaintiff's in forma
12 pauperis status. The Court previously rejected those arguments and will reject them again. Plaintiff
13 has failed to demonstrate any circumstances that warrant reconsideration of the Court's prior order.

14       Plaintiff's motion for relief from the Court's February 9, 2010 order will be denied. Plaintiff
15 will be given an additional fifteen (15) days to pay the remaining balance of the $350.00 filing fee
16 for this action. Plaintiff's failure to pay the filing fee will result in the dismissal of this action.

17       Accordingly, it is HEREBY ORDERED that:

18       1.    Plaintiff's November 18, 2009 motion for a subpoena is DENIED;

19       2.    Plaintiff's February 25, 2010 motion for relief from the Court's February 9, 2010
20            order is DENIED; and

21       3.    Plaintiff is ORDERED to pay the remaining balance of the $350.00 filing fee within
22            fifteen (15) days of this order's date of service; and

23       4.    Plaintiff's failure to pay the filing fee will result in the dismissal of this action.

24

25 IT IS SO ORDERED.

26 **Dated:   August 27, 2010**                /s/ **Sheila K. Oberto**
27                                                  UNITED STATES MAGISTRATE JUDGE

28